## Sanders vs. Vance.

Error to the Fayette Circuit; JESSE BLEDSOE, Judge.

*Practice. Frauds against Creditors. Judgment. Sheriffs. Damages. Interest. Discretion of Juries.*

CASE.

Case 33.

7tm 209
f135 161

Judge OWSLEY, delivered the Opinion of the Court.

April 29.

THIS writ of error is prosecuted by Sanders, to reverse a judgment recovered against him, in an action on the case, which he brought in *the circuit court against Vance.*

The declaration of Sanders, as originally drawn and filed, was demurred to by Vance, and the demurrer being joined by Sanders, was sustained by the court.

*Declaration demurred to, and ruled for defendant.*

The declaration so demurred to, contains but one count; but Sanders obtained leave of the court, and filed an additional count, by way of amendment to his declaration. This latter count is in trover for the conversion of fifty milch cows of the value of $1,000; fifty heifers and steers, of the value of $1,000; fifty horses of the value of $1,000; and divers pieces of household and kitchen furniture, consisting of beds, carpets, chairs, tables, table-cloths, China ware, pots and kettles, of the value of $1,000.

*Amended declaration in trover.*

*Where, after a demurrer is sustained to the declaration, the plantiff files an additional count, without the demurrer being withdrawn, and then the defendant pleads not guilty, the plea applies only to the new count.*

Not guilty was pleaded by Vance, but as the court had adjudged the first count of the declaration, to which there was a demurrer, bad, and as that demurrer was not withdrawn, the plea is understood to apply to the latter count only; so that it will not be necessary to take any further notice of the first count, or the decision of the court thereon.

A trial of the issue was had by a jury, and a verdict of sixteen hundred and seventy-two dollars and eighty cents damages, was found against Vance; but on his motion, the verdict of the jury was set aside by the court, and a new trial awarded. Exceptions were taken to the opinion of the court, in awarding the new trial, and the whole of the evidence made part of the record.

*Trial, and verdict for Sanders; set aside, and exceptions.*

At a subsequent term of the court, the issue was again tried, and a verdict found by the jury, in favor of Vance. A new trial was then moved for by

*New trial, and verdict for Vance. Motion for new trial overruled.*

2 B

Sanders; but his motion was overruled, and judgment rendered against him on the verdict. Exceptions were also taken by Sanders, to the refusal of the court to award him a new trial, from which, it appears, that the same evidence was given to the jury at the last trial, that was at the first; and that the same instructions were also given by the court to the jury at both trials.

It is to reverse this judgment, rendered on the last verdict, that Sanders has brought this writ of error.

*Error assigned.*

It is contended by him, that the court erred at both trials, in instructing the jury; and that the last verdict should have been set aside, but the first ought not to have been; and that judgment should have been rendered in his favor, on the verdict first found by the jury.

*Question, on the decision setting aside the first verdict.*

It is proper that our attention should be first directed to the first trial, to ascertain whether, in setting aside the verdict then found for Sanders, any error was committed by the court. For, if in setting aside that verdict, the court erred, it follows, from the repeated decisions of this court, that all the subsequent proceedings are erroneous, and of course the judgment which was rendered upon the last verdict, cannot be permitted to stand.

*Evidence given on the first trial.*

To form a correct opinion, as to the propriety of setting aside the first verdict, it is necessary to understand the material facts which the evidence given to the jury went to prove. They are briefly and substantially these:

Whilst the owner and possessor of the articles of property mentioned in the declaration, with others, Lewis Sanders, under a promise previously made to his brother, (the plaintiff,) executed a deed of mortgage thereof to him, for the purpose of indemnifying his brother against debts for which he had become bound to others as his surety. At the time the mortgage bears date, it was not delivered by Lewis Sanders, nor was his brother present at its execution; but before the expiration of the time required by law, for recording such instruments, Lewis

Sanders went to the office of the clerk of the court of the county in which he resided; presented the mortgage to the clerk; acknowledged it, and left it with him to be recorded. Before this time, however, Lewis Sanders had been taken in execution by the sheriff, under a *ca. sa.* in favor of other creditors; and he was at the time, not only actually in the custody of the officer, and indebted beyond his means of payment, but was afterwards discharged from imprisonment, on taking the oath of an insolvent debtor. The whole of his property, or mostly all of which he was then possessed, was comprehended by the mortgage, and he continued in the possession thereof, until that part of it, now the subject of contest, was taken by the sheriff of Fayette county, under a writ of *fieri facias*, which issued from the office of the circuit court of that county, in favor of Vance. The levy was made by the directions of the agent of Vance, and after the sale, the proceeds thereof was paid to the agent, and a return made on the writ of *fieri facias* in favor of Vance accordingly. The property was claimed by Sanders, the mortgagee, at the day of sale, and for his security, the sheriff summoned a jury to inquire into the right. The jury disagreed, and by agreement between the agent of Vance and Sanders, the mortgagee, the sale was to proceed, with an understanding, that Sanders should pursue his redress, not againt the purchasers, but against Vance or the sheriff. The *fi. fa.* under which the property was taken and sold, was used in evidence; but it does not appear, that either the judgment or a copy thereof, upon which the *fi. fa.* issued, was introduced. These are the prominent facts proved on the trial, and upon which, in connexion with evidence of the value of the property sold, instructions were given to the jury, and a verdict of $1,672 80 cents damages, was found by them.

By the instructions of the court, the jury were told, that if they should find from the evidence, that the defendant, in person, or by agent, caused the execution under which the sheriff acted, to be levied upon, and a sale made of the property, which had been previously mortgaged to the plaintiff, in good

SANDERS
vs.
VANCE.

Instructions.

SANDERS
vs.
VANCE.

faith, to secure a just debt due to him, and to indemnify him against securityship, that the plaintiff has a right to recover the value of the property, with interest thereon, from the time of sale: *Provided,* the deed of mortgage under which he claims, is not fraudulent; but if Lewis Sanders, the morgager, was indebted, and in the prison bounds, under the execution of any of his creditors, when the mortgage took effect, and all of his property which was unencumbered, and subject to execution, is contained in the mortgage, and at the time it was made, the mortgager contemplated the oath of an insolvent debtor, the deed of mortgage is fraudulent and void in law, against creditors and purchasers; and that the plaintiff is not entitled to recover the value of any of the property therein contained, of the defendant, if sold under her execution against Lewis Sanders.

Where the sheriff, and plaintiff in the *fieri facias* justify, on the ground the property had been conveyed, or was held in fraud of creditors, he must shew the judgment on which the execution issued.

    Whether or not, the conclusions of law in every particular, were correctly drawn by the court, upon the facts assumed, and on the truth of which the instructions to the jury were predicated, is not necessary now to be examined and decided. By failing to produce at the trial, the judgment on which the execution in her favor, against Lewis Sanders, issued, and under which the property was sold by the sheriff, or a copy thereof, the defendant was undoubtedly not in a condition to attack the mortgage from Lewis Sanders to the plaintiff, on the ground of its being fraudulent, as to the creditors, and purchasers of the mortgagor, and thereby defeat the recovery by the plaintiff in this action.

    The law was so ruled by the court, in the case, Lake vs. Billers, &c. 1 Lord Ray. 733. That was an action of trespass brought against the sheriff, for goods taken. Upon not guilty pleaded, the sheriff gave in evidence, that he levied them in execution, by virtue of a *fieri facias.* The plaintiff made title to the goods by a prior execution, but fraudulent; and by bill of sale made of them, to him, by the officer, (viz. the sheriff, predecessor of the defendant.) It was ruled by the court, that the defendant, though sheriff, ought to give in evidence, a copy of the judgment, though it was admitted that it would

have been otherwise if the action had been brought by the person against whom the *fieri facias* issued.

The same doctrine was admitted and approved by Lord Mansfield, in the case of Martin vs. Padger, &c. 5 Burrow, 2633, and has been recognized and followed by this court, in various cases.

The defendant, not being therefore, in a condition to attack the mortgage, on the ground of fraud, it would seem that she can have no good cause to complain of the jury having disregarded the instructions of the court, as to the mortgage being fraudulent or otherwise, as to creditors or purchasers of the vendor, that being a point totally abstract and irrelevant to the matter presented for the determination of the jury. Without, therefore, pursuing and revising the opinion of the circuit court, on abstract and impertinent points, we shall proceed to inquire, whether, in any material point, the court erred in its instructions, to the prejudice of the defendant.

The objection taken to the form of action, has no weight with us. That trespass will lie against the sheriff, or against the sheriff and plaintiff, or against the plaintiff alone, provided, the plaintiff assists the sheriff, in favor of one whose property is taken and sold under an execution against another, is as firmly settled, by a train of adjudications, both in England and America, as perhaps any other principle of the common law; and if trespass might have been maintained, no reason is perceived why trover will not lie. To recover for the injury occasioned by the original taking, trespass is, no doubt, the proper action; but the plaintiff generally has the right to waive the original trespass, and bring trover for the conversion of the property taken; and no reason is discerned, nor principle of law known, which takes the case of trespass committed by an officer, under color of process, out of the general principle.

But the instructions of the court go, not only to sustain the action, but according to our understanding of them, they import a decision, that as matter of law, the plaintiff in an action of trover has the right to recover, and the jury are bound to assess damages equivalent to the value of the property con-

---

SANDERS
vs.
VANCE.

Party who showed no judgment, cannot complain of a decision in favor of a mortgagee holding in fraud of creditors.

Trespass or trover may be maintained against the sheriff, and the plaintiff in the execution also, who causes the seizure by the mortgagee, for seizing and selling the goods as the property of the mortgagor.

Damages in trover and conversion, is the value of the property at the time of the

SANDERS
vs.
VANCE.

conversion,
increased by
the interest
up to the
time of trial,
or not, in the
discretion of
the jury.

verted, and interest from the time of conversion to the trial. Now, it will not be denied, but that the jury, may, in their discretion, give damages equal to the value of the thing converted, and interest, but we know of no law that gives interest as matter of right in such cases, nor are we apprised of any rule of law, that limits and fixes unalterably, the discretion of the jury, in their assessment of damages in such an action. The amount to be assessed for damages, above the value of the thing converted, must, therefore, of necessity, lie within the discretion of the jury, so as not to be made by them to exceed the legal rate of interest, and of course the court should, not, as matter of law, have fixed the amount of damages by its instructions. For this error in the instructions, it cannot, therefore, have been incorrect for the court to set aside the first verdict, and award a new trial.

Verdict disapproved for the lack of the judgment to entitle the creditor and plaintiff to assail the mortgage.

With respect to the last verdict, we also think it should have been set aside. On that trial, the defendant also failed to produce the judgment, or a copy upon which the execution issued in her favor, and therefore, as we have seen, she could not raise the question as to the mortgage being fraudulent, and if not fraudulent, there is no pretext for supporting the verdict which was found by the jury, in her favor.

The judgment must, consequently, be reversed, with cost; the cause remanded to the court below; the last verdict there set aside, and further proceedings had, not inconsistent with this opinion.

*Chinn, Haggin and Loughborough*, for plaintiff; *Wickliffe*, for defendant.